Argued and submitted March 25, affirmed June 5, 2003

Saulius PLOPLYS
and Betty Ploplys,
*Appellants,*

*v.*

Melvin P. BRYSON, Jr.,
*Respondent.*

12-00-20845; A116120

69 P3d 1257

Stephen A. Hutchinson argued the cause for appellants. With him on the briefs were Douglas M. DuPriest and Hutchinson, Cox, Coons & DuPriest, P.C.

Jeffrey E. Potter argued the cause for respondent. With him on the brief was Gardner, Honsowetz, Potter, Budge & Ford.

Before Edmonds, Presiding Judge, and Kistler and Schuman, Judges.

EDMONDS, P. J.

## EDMONDS, P. J.

Plaintiffs brought an action against defendant to quiet title and for trespass, alleging that defendant wrongfully used a road on their property. Defendant moved for summary judgment, and plaintiffs appeal after the trial court ruled that defendant has the right to use the road. We affirm.

Because the court disposed of this case on a motion for summary judgment in favor of defendant, we view the record in the light most favorable to plaintiffs to determine if there are genuine issues of fact and if defendant is entitled to judgment as a matter of law. ORCP 47. The property at issue in this case was originally part of a larger parcel of land owned by Louis Rodakowski. In 1984, Rodakowski partitioned the property into three smaller parcels. Rodakowski resides on a parcel of the original property now owned by his sisters. He sold the other two parcels, one to plaintiffs (Ploplys parcel) in November 1997 and the other to defendant (Bryson parcel) in September 1998. The following diagram illustrates the relationships of the parcels to one another and the roads involved:

There are several express easements of record that affect the properties. Before the property was partitioned, Rodakowski conveyed to Frank Barlow and Virginia Lynch an easement ("Barlow/Lynch easement") to use what is known as the Eastern Road and the Highway 126 Access Spur. That conveyance provides:

"Grantor reserves the right to use, construct, reconstruct and maintain the road located upon the easement strip for personal purposes and for purposes of access for forest management and heavy hauling of timber or equipment. Grantor may grant, upon prior notice to Grantees, use rights for such use to third parties, but only with respect to forest management and heavy hauling of timber or equipment for Grantor's servient property * * *."

With regard to the Barlow/Lynch easement over the Eastern Road, Rodakowski's property was the servient estate and the Barlow/Lynch properties were the dominant estates at the time of the conveyance. The conveyance document also provides, in relevant part, that the

"easement is appurtenant to the real properties owned by each party * * *. In the event of any subdivision or sale of any portion of such properties by any party, this easement shall remain appurtenant to all such resulting parcels."

Before the partition, Rodakowski also granted an express easement to Derril Simpson ("Simpson easement") for Simpson to use the Western Road and the Highway 126 Access Spur from his property to the highway. Finally, at the time of the partition in 1984, Rodakowski recorded a document entitled Grant of Easement and Maintenance Agreement. That document created an express easement over the Western Road and the Highway 126 access spur for the benefit of what would later become the Ploplys and Bryson parcels.

In 1997, Rodakowski conveyed the Ploplys parcel to plaintiffs. The deed conveyed the property "free and clear of encumbrances except as specifically set forth in Exhibit B attached and incorporated herein by this reference[.]" Exhibit B lists the "easement, including the terms and provisions thereof, between Louis Rodakowski, Frank S. Barlow, Jr., and Virginia L. Lynch[.]" In 1998, Rodakowski's successors in interest conveyed the Bryson parcel to defendant. That document provides, in relevant part, that the grantor "does hereby grant, bargain, sell and convey unto the said grantee and grantee's heirs, successors and assigns, that certain real property with the tenements, hereditaments and appurtenances thereunto belonging or appertaining[.]"

Defendant began logging on the Bryson parcel in 1999. In the course of that activity, defendant used the Eastern Road to bring logs from his property to the highway. Plaintiffs objected, and defendant responded, contending that he had an easement over the Eastern Road. As the result of their dispute, plaintiffs brought this action to quiet title in themselves as to the Eastern Road and a claim for trespass against defendant. Defendant moved for summary judgment, arguing that

"Rodakowski expressly reserved 'the right to use, construct, reconstruct and maintain the road located upon [the Eastern Road] for personal ·purposes and for purposes of access for forest management and heavy hauling of timber or equipment' for himself and any subsequent purchaser 'of any portion' of the original Rodakowski property in the Barlow/Lynch easement, and * * * as a subsequent purchaser of parcel 1 (the Bryson parcel) Defendant is the current owner of those retained rights in the Eastern Roadway as is Rodakowski, as are [plaintiffs]. * * * By his Warranty Deed * * * Defendant took all of the Bryson parcel 'with the tenements, hereditaments and appurtenances thereto belonging or appertaining.' Those included the rights to use the Eastern Roadway reserved by Rodakowski in the Barlow/Lynch easement and made appurtenant to the Bryson parcel as subsequently transferred. * * * [T]he Barlow/Lynch easement, expressly identified in [plaintiffs'] deed, did expressly identify the Bryson parcel as one of the dominant estates with easement rights over the Eastern Roadway."

In the alternative, defendant argued that he had "a quasi-easement" to use the Eastern Road over plaintiffs' property because the Western Road was not suitable for use by log trucks due to a hairpin turn in the road.

In response to defendant's express easement argument, plaintiffs argued:

"The Barlow/Lynch easement, which created the [Eastern] Road, was created before the Rodakowski property was divided. Thus, the Barlow and Lynch properties are the dominant estates. The Rodakowski property was to be burdened by the roadway easement and thus, is the servient estate.

"The easement contemplates that if the dominant estates are divided then the easement would continue to serve each party of that divided dominant estate. Likewise, if the servient (Rodakowski) estate is divided, then each party of that servient estate remains burdened by the easement. This means, that Plaintiffs have the [sole] right to use the portion of the [Eastern Road] that is located on the property that they have purchased and on the Rodakowski property."

The trial court, without expressing its reasoning, granted summary judgment to defendant. On appeal, plaintiffs assign as error the grant of summary judgment as to both claims. In sum, they argue that (1) defendant has no express or implied easement to use the part of the Connector Road that is on their property, (2) defendant has admitted to hauling logs across their property without their permission, (3) the Barlow/Lynch easement did not create an express easement that permitted defendant to use the Eastern Road, and (4) there are genuine issues of material fact about whether defendant has an implied easement over the Eastern Road. Defendant counters that plaintiffs' "Connector Road" argument was not raised in the trial court and therefore was not preserved for appeal and that plaintiffs never presented any evidence in the summary judgment proceeding that defendant used the Connector Road outside the boundaries of the Eastern Road. As to his right to use the Eastern Road, defendant argues that Rodakowski expressly reserved the right to use the Eastern Road in the Barlow/ Lynch easement, that Rodakowski also reserved the right to use the road in his conveyance to plaintiffs and that Rodakowski conveyed that right to defendant as part of his conveyance of the Bryson parcel. As to the "implied easement," issue, defendant responds that some of the issues raised on appeal by plaintiffs were not preserved below and, regardless, there is no genuine issue of *material* fact.

■ We turn first to the "express easement" issue. Defendant's first premise is that Rodakowski reserved the right to use the Eastern Road in the Barlow/Lynch easement for the benefit of his property, which included the Bryson parcel. We agree. The language of the reservation is clear on its face:

"Grantor reserves the right to use, construct, reconstruct and maintain the road located upon the easement strip for personal purposes and for purposes of access for forest management and heavy hauling of timber or equipment. Grantor may grant, upon prior notice to Grantees, use rights for such use to third parties, but only with respect to forest management and heavy hauling of timber equipment for Grantor's servient property described above."

In fact, the language of the conveyance contemplates the subsequent partitioning of Rodakowski's property:

"This easement is appurtenant to the real properties owned by each party as described above. In the event of any subdivision or sale of any portion of such properties by any party, the easement shall remain appurtenant to all such resulting parcels."

The second premise to defendant's express easement argument is that Rodakowski reserved the rights to use the Eastern Road in the Barlow/Lynch easement to himself when he conveyed the Ploplys parcel to plaintiffs. Defendant relies on the following language in the Rodakowski deed to plaintiffs:

"Louis Rodakowski ('Grantor') conveys and warrants to [plaintiffs] * * * the real property descried [*sic*] on Exhibit A attached hereto and incorporated herein by this reference, free and clear of encumbrances except as specifically set forth on Exhibit B attached and incorporated herein by this reference [.]

"* * * * *

"Exhibit B Page 2 of 2

"* * * * *

"11. * * * and that easement, including the terms and provisions thereof, between Louis Rodakowski, Frank S. Barlow, Jr. and Virginia L. Lynch, dated June 29, 1983, recorded March 12, 1984, Reception No. 8409385, Lane County Oregon Deed Records."

Again we agree. The conveyance to plaintiffs expressly excepts from the conveyance the interests held by Rodakowski as the result of the Barlow/Lynch easement. The

third and final part of defendant's argument is that Rodakowski's successors in interest conveyed the rights that Rodakowski had reserved in the Barlow/Lynch easement and the deed to plaintiffs when Rodakowski sold the Bryson property to him. The deed from Rodakowski's successors in interest to defendant, in fact, conveys to defendant all appurtenances attaching to the Bryson property.

Nevertheless, plaintiffs appear to argue that the Barlow/Lynch easement created only a servient estate that attached to the Rodakowski property, leaving defendant with having acquired property that is burdened by the Eastern Road easement but is not benefitted by it. However, that argument ignores the words of "reservation" in the Rodakowski/Barlow/Lynch agreement. A reservation in a deed constitutes "the creation in behalf of the grantor of a new right issuing out of the thing granted[.]" *Oliver v. Johnson*, 166 Or 475, 480, 113 P2d 430 (1941). When Rodakowski granted an easement to Barlow/Lynch on the Eastern Road, he also reserved his right to use the road. Plaintiffs assert that Rodakowski could not "create an easement in his own land." However, the nature of a reservation is that something has been taken back from what was previously granted. *Id.* at 481. Thus, through his conveyance to them, Rodakowski conveyed an easement to use the Eastern Road to Barlow/Lynch but reserved to himself the right to use it also.

Plaintiffs also argue that the interest retained by Rodakowski was personal to himself. They explain,

> "[G]rantor Rodakowski retained to himself a limited use of the Barlow/Lynch easement for specific purposes. * * * The use of the word 'appurtenant' more probably indicated the intent of the grantor that all property of the servient estate (the Rodakowski property and the subdivision thereof) would remain subject to the Barlow/Lynch easement and Barlow/Lynch would retain that right."

As we understand plaintiffs' argument, the Rodakowski/Barlow/Lynch agreement operated to make the easement in the Eastern Road appurtenant to the Barlow/Lynch property but did not operate to make the interest created by Rodakowski's reservation appurtenant to his property.

Again, plaintiffs' argument fails to recognize the nature of the interest created by Rodakowski's reservation. His reservation created an interest in the nature of a servitude to use the easement interest held by Barlow/Lynch. A "servitude" is an interest in land similar in nature to an easement. *Westwood Homeowners Assn., Inc. v. Lane County*, 318 Or 146, 153, 864 P2d 350 (1993). A servitude is said to be "appurtenant" to the estate or interest in land that it benefits, *i.e.*, the dominant estate. The property interest burdened by the servitude is called the "servient estate." *Id.* Here, the dominant estate that the servitude (the right to use the Eastern Road) benefitted was Rodakowski's property, including the Bryson parcel. The "servient estate" or interest subject to the dominant estate is Barlow/Lynch's easement interest in the road. Thus, because the Rodakowski/Barlow/Lynch easement agreement provides that "this easement is appurtenant to the real properties owned by each party" and that, "in the event of any sale of any portion of such property by any party, this easement shall remain appurtenant to all such resulting parcels," it necessarily refers to both the easement interest granted to Barlow/Lynch and the interest reserved by Rodakowski for the benefit of his property. In that light, the agreement is unambiguous that the reservation was intended to run with the land and not merely be personal to Rodakowski.

 Next, plaintiffs argue in their reply brief that,

"even if Bryson's claim of a derivative right to the easement use from Rodakowski is correct, there has been a failure of proof because Bryson submitted no evidence to show notice to grantees Barlow and Lynch of use of the road and Bryson would not be allowed to have normal vehicular traffic use."

An issue raised for the first time in an appellant's reply brief generally will not be considered on appeal. ORAP 5.45(1) provides:

"A question or issue to be decided on appeal shall be raised in the form of an assignment of error, as prescribed in this rule. Assignments of error are required in all *opening briefs* of appellants and cross-appellants."

(Emphasis added.) Because plaintiffs did not raise the issue regarding Bryson's failure to submit notice to Barlow/Lynch

in their opening brief, we will not consider it. *See also Ailes v. Portland Meadows, Inc.*, 312 Or 376, 380, 823 P2d 956 (1991) (interpreting *former* ORAP 5.45 (1991)).

■■■■■ Finally, plaintiffs argue that the map introduced into the summary judgment record demonstrates that the Connector Road is partially on their property. They contend that, because there is no express easement to use the Connector Road and because defendant conceded that he hauled logs from his property over the Eastern Road, it follows that he had to use the Connector Road to get to the Eastern Road. Therefore, according to plaintiffs, the trial court erred in granting summary judgment when defendant offered no evidence of his entitlement to use the Connector Road. Defendant counters that that issue was not raised in the trial court. Nowhere in their opening brief do plaintiffs indicate how the issue was brought to the attention of the trial court and defendant. *See* ORAP 5.45(4)(a) (regarding requirements for demonstrating preservation). In their reply brief, plaintiffs assert that the use of the Connector Road is at issue because the exhibits and the property description in the record show the area over which the Connector Road runs. They conclude, "[t]here is no doubt that the issue is preserved for appeal[.]" We disagree. For an issue to be preserved for purposes of appeal, it must have been raised with sufficient clarity in the trial court to put the trial court on notice that it needs to rule on the issue and for the opposing party to have an opportunity to address the issue. *State v. Wyatt*, 331 Or 335, 343, 15 P3d 22 (2000). Neither of those requirements was met here, and, therefore, the claim of error was not preserved for appellate review.

We reject the remainder of plaintiffs' arguments without discussion. Because we conclude that defendant holds an express easement to use the Eastern Road for the reasons explained above, we need not decide whether the trial court correctly granted summary judgment on defendant's implied easement theory.

Affirmed.