ARMSTRONG, P. J.
*228 While in custody on a pending murder charge and represented by counsel, defendant solicited a fellow inmate to murder a witness in the pending murder case.[1] As a *397 result of that conduct, defendant was charged with and convicted of two counts of attempted aggravated murder and one count of conspiracy to commit aggravated murder. On appeal, defendant contends that the trial court erred in denying his motion for judgment of acquittal on the attempted aggravated murder and conspiracy charges and also erred in denying his motion to suppress evidence that he asserts had been gathered in violation of his right to counsel under Article I, section 11, of the Oregon Constitution. We agree with defendant that the trial court erred in denying the motion for judgment of acquittal on the attempted aggravated murder charges, and we therefore reverse the attempted aggravated murder convictions. We also agree that the trial court erred in denying defendant's suppression motion, and we therefore reverse and remand the conspiracy to commit aggravated murder charge.
Defendant was arrested and indicted for a murder committed in May 2012. He was held in jail pending trial and received appointed counsel. While in jail, defendant offered Ali, a fellow inmate, money to kill a key witness to the murder. Ali reported defendant's offer to detectives who were investigating the May 2012 murder and, at their request, Ali agreed to wear a body wire to record conversations with defendant about the alleged murder for hire. Based on what defendant told Ali, both before and after he began wearing the wire, defendant was charged with, among other offenses, two counts of attempted aggravated murder and one count of conspiracy to commit aggravated murder, and the charges were joined with the pending murder charge.
On defendant's motion, the trial court ruled that evidence gathered from the body wire should be excluded under Article I, section 11, from the trial on the murder charge but *229 was admissible on the charges of attempted aggravated murder and conspiracy to commit murder. Defendant was therefore tried separately, and convicted, on the murder charge. Allen , 288 Or. App. at 245, 406 P.3d 89.
Defendant filed a motion for judgment of acquittal on the attempted aggravated murder and conspiracy charges, contending that the evidence would support the conviction of, at best, a solicitation, but not an attempt or a conspiracy to commit murder. The trial court denied defendant's motion and, after a jury trial, defendant was convicted of two counts of attempted aggravated murder and one count of conspiracy to commit aggravated murder.
While this case was under advisement, the Supreme Court decided State v. Kimbrough , 364 Or. 66, 431 P.3d 76 (2018), and we allowed supplemental briefing to address the effect of that opinion. Now, based on Kimbrough , defendant assigns error to the court's denial of his motion for judgment of acquittal, and the state concedes the error. We agree that, under Kimbrough , defendant's attempted aggravated murder convictions must be reversed.
In Kimbrough , the court held that an "attempt" occurs when a person intentionally engages in conduct that constitutes a substantial step toward the commission of a crime in which the defendant intends to take part personally. "The defendant's substantial step must be toward the crime that he intends personally to commit, not a crime that will be committed by someone else." Id . at 84, 431 P.3d 76. As the court explained, soliciting another person to commit aggravated murder does not constitute attempted aggravated murder or murder. In reversing the defendant's conviction for attempted aggravated murder and attempted murder, the court held that the evidence showed that the defendant intended the substantive crimes to be committed by someone else and that, although the defendant took steps toward realizing that goal, there was no evidence that the defendant intended personally to engage in conduct that would constitute any elements of the substantive crimes. Id .
The same reasoning requires a reversal of defendant's attempted murder convictions here. Although defendant took a step toward *398 soliciting Ali to commit murder, *230 there is no evidence that defendant intended to personally engage in conduct that would constitute any element of the crime of aggravated murder. Thus, the trial court erred in denying defendant's motion for judgment of acquittal on the aggravated murder charges. We therefore reverse those convictions.[2]
We turn to the motion to suppress. In his opening brief on appeal, defendant contends that the trial court erred in refusing to suppress the body-wire evidence under Article I, section 11, which provides, in part, "[i]n all criminal prosecutions, the accused shall have the right *** to be heard by himself and counsel." We agree with defendant. Subsequent to oral argument, the Supreme Court issued its opinion in State v. Prieto-Rubio , 359 Or. 16, 36-37, 376 P.3d 255 (2016), in which the court held that Article I, section 11, prohibits the interrogation of a suspect about uncharged conduct that is "sufficiently related" to the charged conduct for which the suspect has retained counsel. The court explained in Prieto-Rubio that, in determining whether uncharged conduct is sufficiently related to charged conduct so as to implicate a defendant's Article I, section 11, right to counsel, the court is to examine the facts and circumstances of each case for whether they establish that it was "reasonably foreseeable to a person in the position of the questioner that questioning will elicit incriminating information involving the charged offense for which the defendant has obtained counsel." 359 Or. at 36-37, 376 P.3d 255. The court said that relevant considerations include temporal proximity, location, the nature of the defendant's conduct, and the nature of the investigative process and whether it involves the same personnel. Id.
Also subsequent to oral argument, we decided State v. Savinskiy , 286 Or. App. 232, 238, 399 P.3d 1075, rev. allowed , *231 362 Or. 208, 407 P.3d 815 (2017), in which we applied Prieto-Rubio and held that suppression of body-wire recordings was required in a context factually similar to this one. There, the defendant, who was being held on various charged crimes, attempted to engage a fellow inmate in a conspiracy to murder individuals whom he believed would implicate him or aid in his conviction of the charged crimes. Id . at 235, 399 P.3d 1075. The inmate informed two detectives who were investigating the charged offenses and agreed to wear a body wire to record conversations with the defendant.
As a result of his communications with the fellow inmate, the defendant was charged with various crimes, and he moved to suppress the body-wire recordings, contending that they had been obtained in violation of his right to counsel under Article I, section 11. The trial court denied the defendant's motion, and we reversed and remanded, citing Prieto-Rubio and concluding:
"[T]he amount of overlapping evidence between these two cases is so substantial that any questioner would have reasonably foreseen that interrogating defendant about his conspiracies would elicit incriminating evidence about his previously charged conduct, because any incriminating evidence that the interrogators obtained relating to the conspiracies would also be incriminating as to defendant's original charges."
Id. at 240, 399 P.3d 1075.
In this case, as in Savinskiy , any evidence that the state might have gathered from Ali's body wire about the conspiracy charge necessarily implicated defendant in the charged murder. The additional fact, as in Savinskiy , that the same detective who had investigated the murder was investigating the uncharged conspiracy to commit murder offense leads to the conclusion that it was reasonably foreseeable that questioning defendant about the uncharged offense would *399 elicit incriminating information involving the charged murder offense. We conclude that the trial court erred in denying defendant's motion to suppress.[3] *232 Convictions for attempted aggravated murder reversed; conviction for conspiracy to commit aggravated murder reversed and remanded.

Defendant was convicted of the pending murder charge after a jury trial. We reversed his conviction based on the trial court's denial of defendant's motion to suppress evidence and failure to give a jury concurrence instruction on principal or accomplice liability. State v. Allen , 288 Or. App. 244, 245, 406 P.3d 89 (2017).

We recognize that our consideration of the assignments of error in the supplemental brief is a deviation from our usual practice. See ORAP 5.45(1) ("No matter claimed as error will be considered on appeal unless the claim of error *** is assigned as error in the opening brief."); State v. Murga , 291 Or. App. 462, 422 P.3d 417 (2018) (an issue raised for the first time in a reply brief will not be considered); Ploplys v. Bryson , 188 Or. App. 49, 57-58, 69 P.3d 1257 (2003) (same). We consider the assignments because they are premised on new Supreme Court authority and because of the grave constitutional implications of upholding convictions that are legally unsupported.

In Savinskiy , we rejected the state's contention, raised here, that the right to counsel does not apply when the right to counsel on the uncharged conduct has not yet attached. 286 Or. App. at 241-43, 399 P.3d 1075.