FLYNN, J.
**464 The state has petitioned for reconsideration of our decision in State v. Savinskiy , 364 Or. 802, 819, 441 P.3d 557 (2019), in which we concluded that the "Article I, section 11, right to counsel on pending charges does not guarantee that the state will provide notice to a defendant's attorney before questioning the defendant about a new, uncharged and ongoing conspiracy to harm witnesses to a pending prosecution." (Footnote omitted.) Based on that conclusion, we reversed in part the decision of the Court of Appeals, affirming the judgment of the trial court with respect to defendant's convictions for his new crimes. However, we affirmed the conclusion of the Court of Appeals that the trial court erred in admitting the statements as evidence in defendant's prosecution for the original charges. The disposition in our original opinion states:
"Accordingly, the decision of the Court of Appeals is reversed as to defendant's convictions for conspiracy to commit murder (Counts 17-19) and otherwise affirmed. The judgment of the trial court is reversed and remanded as to defendant's convictions for crimes charged in the original indictment but is otherwise affirmed."
Id . at 820-21, 441 P.3d 557.
The state points out that that disposition creates an ambiguity regarding some of defendant's original convictions, which the Court of Appeals affirmed on harmless error grounds. We affirmed the decision of the Court of Appeals as to those convictions, as expressed in the first sentence of the disposition. But we agree with the state that the second sentence creates uncertainty regarding that conclusion. Accordingly, we allow the petition for reconsideration and modify our opinion as set out below.
The disposition found in the original opinion, quoted above, is replaced with this new disposition:
"Accordingly, the decision of the Court of Appeals is reversed as to defendant's convictions for conspiracy to commit murder and assault (Counts 17-19), but is otherwise affirmed. The judgment of the trial court is affirmed **465 in part and reversed in part, and the case is remanded to the trial court for further proceedings."
The petition for reconsideration is allowed. The former opinion is modified and adhered to as modified.