Submitted on remand from the Oregon Supreme Court December 24, 2019; convictions for attempted aggravated murder reversed, remanded for resentencing, otherwise affirmed September 9, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MARCELLUS RAMON ALLEN,
*Defendant-Appellant.*

Multnomah County Circuit Court
121034555; A157614

497 P3d 761

In *State v. Allen*, 296 Or App 226, 438 P3d 396 (2019), the Court of Appeals concluded that the trial court erred in (1) denying defendant's motion for judgment of acquittal on both counts of his attempted aggravated murder convictions and (2) denying defendant's motion to suppress because the state violated defendant's right to be free from interrogation concerning uncharged conduct "sufficiently related" to charged conduct, for which defendant had retained counsel in violation of Article I, section 11, of the Oregon Constitution. Subsequently, the Supreme Court allowed the state's petition for review, vacated that decision, and remanded with an instruction to reconsider it in light of *State v. Savinskiy*, 364 Or 802, 411 P3d 557, *adh'd to as modified on recons*, 365 Or 463, 445 P3d 307 (2019). On remand, the sole issue is whether the trial court erred in denying defendant's motion to suppress. *Held*: On remand, the Court of Appeals reversed defendant's convictions for attempted aggravated murder and concluded that the trial court did not err in denying defendant's motion to suppress. In light of *Savinskiy*, the protections afforded to defendant by Article I, section 11, had not attached to defendant's new and uncharged criminal activity, and, therefore, his rights were not violated.

Convictions for attempted aggravated murder reversed; remanded for resentencing; otherwise affirmed.

On remand from the Oregon Supreme Court, *State v. Allen*, 365 Or 721, 453 P3d 550 (2019).

Cheryl A. Albrecht, Judge.

Ryan Scott filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Paul L. Smith, Deputy Solicitor General, and Doug M. Petrina, Assistant Attorney General, filed the opening brief for respondent. On the supplemental brief were Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Doug M. Petrina, Assistant Attorney General.

Before Tookey, Presiding Judge, and Egan, Chief Judge, and Shorr, Judge.

EGAN, C. J.

Convictions for attempted aggravated murder reversed; remanded for resentencing; otherwise affirmed.

**EGAN, C. J.**

This case is before us on remand from the Oregon Supreme Court. We issued an opinion in this case, in which we reversed two charges of attempted aggravated murder and reversed and remanded one count of conspiracy to commit aggravated murder. *State v. Allen*, 296 Or App 226, 438 P3d 396, *vac'd and rem'd*, 365 Or 721 (2019). The state conceded, and we agreed, that the trial court erred in denying defendant's motion for judgment of acquittal on both counts of his attempted aggravated murder convictions. That aspect of the case is not at issue on remand. Thus, the sole issue on remand is whether the trial court erred in denying defendant's motion to suppress.

In our prior opinion, we reversed and remanded on that assignment of error, relying on *State v. Prieto-Rubio*, 359 Or 16, 376 P3d 255 (2016). We concluded that the state violated defendant's right to be free from interrogation concerning uncharged conduct "sufficiently related" to charged conduct, for which defendant had retained counsel in violation of Article I, section 11, of the Oregon Constitution.[1] The Supreme Court allowed the state's petition for review and vacated our decision with an instruction to reconsider it in light of *State v. Savinskiy*, 364 Or 802, 411 P3d 557, *adh'd to as modified on recons*, 365 Or 463, 445 P3d 307 (2019), which issued after our first decision in this case. Now, in light of *Savinskiy*, we conclude that the protections afforded to defendant by Article I, section 11, had not attached to defendant's new and uncharged criminal activity, and, therefore, his rights were not violated. Accordingly, we adhere to our prior decision reversing defendant's convictions for attempted aggravated murder, but we now affirm on the remaining assignment of error.

As relevant to that assignment of error, defendant was in custody on murder charges and he was represented by counsel on those charges. While awaiting trial, defendant offered money to a fellow inmate to murder a witness in his upcoming murder trial. The inmate reported defendant's offer to the police and agreed to wear a body wire to

---

[1] As relevant here, Article I, section 11, provides that "[i]n all criminal prosecutions, the accused shall have the right * * * to be heard by himself and counsel."

record a conversation with defendant. Subsequently, defendant was charged with, among other offenses, two counts of attempted aggravated murder and one count of conspiracy to commit aggravated murder.

Before trial, defendant moved to suppress "any and all statements [or] admissions allegedly made by [d]efendant," on the ground that his right to counsel was violated when the state used the informant to initiate an interrogation. After hearing arguments, the trial court agreed with defendant that suppression of the evidence was required as to his then pending murder charges. However, as to this case, the court concluded that defendant's rights were not violated because the "police are not prohibited from contacting defendant in custody to talk about an unrelated matter."

After a jury trial, defendant was convicted of two counts of attempted aggravated murder and one count of conspiracy to commit aggravated murder.

Defendant argues that his pending murder charges were sufficiently related to the new investigation to require suppression of the evidence in both cases. The state responds, as relevant here, that the right to counsel had not yet attached to the new and ongoing crimes—that is, the charges that led to the convictions in this case.

Article I, section 11, prohibits police interrogation of a suspect without notice to counsel concerning uncharged conduct that is "sufficiently related" to the charged conduct for which the suspect has retained counsel. *Prieto-Rubio*, 359 Or at 36-37. However, *Savinskiy* clarified that that protection does not extend so far as to protect "a defendant from police inquiry into *new* criminal activity in progress."[2] 364 Or at 807 (emphasis added). Here, defendant engaged in new criminal activity when he solicited his fellow inmate to murder a witness in his pending murder trial. "[T]he

_____

[2] The right to counsel in Oregon arises from two separate constitutional provisions. In addition to the Article I, section 11, guarantee of counsel to a person charged with a crime, a person who is placed in custody or other compelling circumstances has a "right to have the advice of counsel in responding to police questioning" that is "derivative or adjunct" to the Article I, section 12, right against compelled self-incrimination. *Savinskiy*, 364 Or at 807 n 6. Here, as in *Savinskiy*, defendant asserts a violation only of his Article I, section 11, right to counsel.

Article I, section 11, right to counsel on pending charges does not guarantee that the state will provide notice to a defendant's attorney before questioning the defendant about * * * new, uncharged and ongoing" criminal conduct. *Id*. at 819.[3] Accordingly, the trial court did not err in denying defendant's motion to suppress in this case.

      Convictions for attempted aggravated murder reversed; remanded for resentencing; otherwise affirmed.

---

[3] Defendant also argues, relying on *State v. Craigen*, 311 Or App 478, 489 P3d 1071 (2021), that the trial court erred because the conduct here was not "ongoing." We are not persuaded by defendant's attempt to differentiate this case from *Savinskiy*, and, accordingly, reject that argument.