Argued and submitted October 14, 2021, reversed and remanded for entry of judgment declaring defendant's right to use gravel road for access to county road January 5, 2022

Eric SENKO,
an individual, and
Tamiko Warren, an individual,
*Plaintiffs-Respondents,*
*v.*
Charles LIU,
an individual;
Vicky Li, an individual;
and Pamela J. Lukas,
*Defendants,*
*and*
Joe LUKAS,
an individual,
*Defendant-Appellant.*

Washington County Circuit Court
19CV06752; A173515

503 P3d 494

Defendant, who owns Tax Lot 800, appeals a judgment of the trial court, after a bench trial, declaring that, under a 1983 easement, a gravel road that traverses Tax Lot 1400 is for the exclusive benefit of Tax Lot 700 and may not be used by Tax Lot 800. Defendant also challenges the court's determination that, because Tax Lots 700 and 1400 are now in common ownership, the portion of the easement that traverses Tax Lot 1400 has been extinguished by merger. *Held*: The trial court erred. The 1983 easement is plain on its face and unambiguously creates an easement over the gravel road for the owners of Tax Lot 800. In view of the conclusion that the easement grants Tax Lot 800 the right to use the gravel road for access to the county road, the trial court further erred in determining that the portion of the easement traversing Tax Lot 1400 has been extinguished by merger.

Reversed and remanded for entry of judgment declaring defendant's right to use gravel road for access to county road.

Andrew Erwin, Judge.

Steven L. Naito argued the cause for appellant. Also on the briefs were Alexander M. Naito and Tarlow Naito & Summers, LLP.

Hafez Daraee argued the cause and filed the brief for respondents.

Before Tookey, Presiding Judge, and Aoyagi, Judge, and Armstrong, Senior Judge.

ARMSTRONG, S. J.

Reversed and remanded for entry of judgment declaring defendant's right to use gravel road for access to county road.

## ARMSTRONG, S. J.

This declaratory judgment action concerns an easement for the use of a gravel road by three adjacent rural parcels—Tax Lot 700, Tax Lot 800, and Tax Lot 1400.[1] Tax Lot 700, now owned by plaintiffs Senko and Warren, is developed with a residence but does not have any direct access to a public road. It is undisputed that, by way of an easement executed in 1983, Tax Lot 700 acquired access to and from a county road over a gravel road that passes through Tax Lots 800 and 1400. The issue on appeal is whether, under that same 1983 easement, Tax Lot 800 also has a right of access to and from the county road via the gravel road as it traverses over Tax Lot 1400. Plaintiffs brought this action to determine that issue. Defendant Lukas, who owns Tax Lot 800, appeals a judgment of the trial court, after a bench trial, declaring that, under the 1983 easement, Tax Lot 700 acquired an exclusive easement over the gravel road as it traverses Tax Lot 1400; that Tax Lot 800 may not use that portion of the gravel road; and that defendants' use of the road is limited to a small corner of it that passes through Tax Lot 800.[2] Defendant also challenges the trial court's determination that the portion of the easement that traverses Tax Lot 1400 has been extinguished by merger. A resolution of the case depends on a construction of the 1983 easement. We conclude that the trial court's understanding that the easement does not give Tax Lot 800 access to and from the county road over the gravel road was erroneous, and that the trial court further erred in determining that the portion of the easement traversing Tax Lot 1400 has been extinguished by merger. We therefore reverse.

Tax Lots 800 and 700 do not have direct access to a public road. In 1969, the owner of Tax Lot 1400 created easements to and from the county road for Tax Lots 700 and 800, through Tax Lot 1400, along the boundaries of Tax Lots 800 and 700. Those easements exist on paper but have not been developed.

---

[1] A map is included in the Appendix.

[2] Charles Liu and Vicky Li were named as defendants, but they conveyed their interest in Tax Lot 800 to defendants Pamela and Joe Lukas and are no longer parties. Only Joe Lukas is an appellant on appeal.

Sometime before 1983, a gravel road was built from the county road to Tax Lot 700, through Tax Lot 1400 and through a corner of Tax Lot 800. The gravel road crosses or meanders along the 1969 easements on Tax Lot 1400, and then cuts into a corner of Tax Lot 800 before reaching Tax Lot 700. The gravel road serves as the driveway for plaintiffs' house on Tax Lot 700.

In 1983, the three tax lots were in separate ownerships. The Footes, who then owned Tax Lot 700, intended to transfer the parcel to their daughter and her husband, Monroe. As part of the transaction, Monroe requested a written easement for use of the gravel road. He retained an attorney, who drafted a "Reciprocal Easement and Maintenance Agreement." The easement provides, in part:

> "In consideration of the mutual promises contained herein, including the provisions relating to maintenance and improvement, the grantors convey to F. S. Foote and June M. Foote, Trustees of the Foote Revocable Trust, * * * and their heirs and assigns a perpetual nonexclusive easement to use as roadway access a strip of land which exists and is currently used as a roadway access to [Tax Lot 700]. This easement is appurtenant to grantee's property.

> "*This roadway access may be used by the grantors and the grantees.* The cost of maintenance and improvement of this roadway access shall be borne in the same proportion as the access is used commonly. At such time in the future as other parties to this agreement establish residence on property commonly served by this roadway access the cost of maintenance and improvement shall be borne equally for those portions in common use. Portions of the roadway not in common use shall be maintained and improved by the exclusive user.

> "This easement is appurtenant to the real property owned by grantors, which is described [as Tax Lots 1400 and 800]."

(Emphasis added.) The easement is signed by the Footes and the then-owners of Tax Lots 1400 and 800 as grantors.

Tax Lots 1400 and 700 are now under plaintiffs' common ownership. Defendants acquired Tax Lot 800 in 2019. When defendants' immediate predecessors began using

the gravel road for access to and from the county road, plaintiffs brought this action, seeking a declaration that, under the 1983 easement, Tax Lot 800 does not have use of the gravel road, except where it crosses a tiny corner of Tax Lot 800. That construction of the 1983 easement would restrict Tax Lot 800's access to and from the county road to its deeded but undeveloped 1969 easement.

The trial court agreed with plaintiffs' construction. The court reasoned that the 1983 easement's maintenance-cost-sharing provisions gave rise to an ambiguity as to the rights provided by the easement, but that the ambiguity could be resolved by reference to the 1969 easements.[3] The court determined that, when construed together with the 1969 easements, the 1983 easement gave Tax Lot 800 access to only "commonly used" areas, which the court determined were areas that overlapped with the 1969 easement. The court reasoned that, under the 1983 easement, Tax Lot 800 has access to the gravel road only at two points where it bisects the 1969 easement on Tax Lot 1400 and where it crosses Tax Lot 800. Thus, the court determined, the 1983 easement does not grant to Tax Lot 800 full use of the gravel road as it crosses Tax Lot 1400. The court then determined that the easement over Tax Lot 1400 had been extinguished by merger, thereby eliminating even that small bit of access by Tax Lot 800 to the gravel road on Tax Lot 1400.

On appeal, defendant contends that the 1983 easement is plain on its face and unambiguously creates an easement over the gravel road for the owners of Tax Lot 800. In defendant's view, the easement's statement that "[t]his roadway access may be used by the grantors and the grantees" plainly expresses the intention to allow the grantors, including the owners of Tax Lot 800, to use the gravel road for access to and from the county road.

Plaintiffs respond that the 1983 easement does not specifically identify the owners of Tax Lot 800 as grantees

---

[3] The court explained:

"Unquestionably this easement contemplated both a common, and a not common, use. In other words, if everyone had the right to use the entire 1983 easement it would all be common use and no distinction would be necessary. But a distinction was made, thus a portion of [the] 1983 easement was for common use and a portion was not. For that I turn to the 1969 easement."

and that a close reading of the easement shows that only Tax Lot 700, as the "dominant" estate, benefits from the easement. Plaintiffs reject defendant's contention that, because the easement is described as reciprocal, it necessarily gives both grantors access to the entire easement. In plaintiffs' view, the only "reciprocal" aspect of the easement is that it permits the owners of Tax Lot 800 to use the gravel road where it crosses the corner of Tax Lot 800. Plaintiffs further contend that the trial court was correct in determining that the scope of the 1983 easement must be construed in light of the maintenance provisions and the 1969 easement.

Finally, plaintiffs contend that, because Tax Lots 1400 and 700 are now in common ownership, the easement for the gravel road as it traverses Tax Lot 1400 has been extinguished, leaving only a remnant of the easement as it passes through the corner of Tax Lot 800. Defendants, plaintiffs assert, have the right to use the gravel road on that corner of their property but not on Tax Lot 1400.

The court's goal in construing an easement is to determine the parties' intentions relating to the easement's purpose. *Tipperman v. Tsiatsos*, 327 Or 539, 544-45, 964 P2d 1015 (1998); *Bernards et ux. v. Link and Haynes*, 199 Or 579, 593, 248 P2d 341 (1952), *on reh'g*, 199 Or 579, 263 P2d 794 (1953); *Bloomfield v. Weakland*, 224 Or App 433, 447, 199 P3d 318 (2008), *rev den*, 346 Or 115 (2009); *Watson v. Banducci*, 158 Or App 223, 230, 973 P2d 395 (1999). The analysis closely parallels the analysis applied in the construction of a contract. The court first examines the words of the instrument. *Kell v. Oppenlander*, 154 Or App 422, 426, 961 P2d 861 (1998). If the words of the instrument in context "clearly express the easement's purpose, our analysis ends." *Watson*, 158 Or App at 230. If ambiguity remains, the court considers "extrinsic evidence of the original parties' intent." *Id*. If ambiguity still remains, the court employs relevant maxims of construction as a last resort. *Cascade v. Georgia-Pacific*, 259 Or App 348, 366, 314 P3d 311 (2013), *rev den*, 355 Or 142 (2014).

The construction of an express easement is a legal question, *Bloomfield*, 224 Or App at 446, and the appellate court reviews the trial court's ruling for legal error. *Kell*,

154 Or App at 426. Our reading of the 1983 easement leads us to conclude that the trial court erred as a matter of law in determining that Tax Lot 800 is allowed to use only that portion of the gravel road that crosses the corner of Tax Lot 800. The easement states that the roadway access provided by the easement "may be used by the grantors and the grantees." The easement clearly and unambiguously states its purpose—to provide roadway access—*i.e.*, access to the county road—to the grantors and grantees. It thereby grants a benefit not only to Tax Lot 700 but to Tax Lot 800. That purpose would be thwarted if Tax Lot 800's use of the gravel road were limited to the small corner of Tax Lot 800, which provides no "roadway access."

As noted, the easement also states: "This easement is appurtenant to the real property owned by grantors, which is described [as Tax Lots 1400 and 800]." Although it is unusual for an easement to be described as appurtenant to the *grantors'* property, in the unusual circumstance here, where there are multiple grantors and the largest portion of the easement is over the property of only one of the grantors, that provision is significant. It signifies that the easement runs with the grantors' land, thereby creating a reservation for the grantors' use of the easement. It also reinforces the grantors' intention that the easement confers a benefit not only on Tax Lot 700, but on Tax Lot 800, by giving Tax Lot 800 an appurtenant easement to the county road over the gravel road. *See, e.g.*, *Garza v. Grayson*, 255 Or 413, 417-18, 467 P2d 960 (1970) (upholding grantor's intention as expressed in deed to create an easement in a person other than the grantee of the estate conveyed in the deed); *Ploplys v. Bryson*, 188 Or App 49, 57, 69 P3d 1257 (2003) ("A servitude is said to be 'appurtenant' to the estate or interest in land that it benefits.").

We disagree with the trial court's reasoning that the maintenance cost-sharing provisions of the 1983 easement give rise to an ambiguity as to the interests created in the gravel road or that the 1969 easements, which are not mentioned in the 1983 easement, have any bearing on the construction of the 1983 easement. The parties to the 1983 easement were free to create an easement over the gravel

road separate from the 1969 easements, and they did that. The trial court erred in determining that the 1983 easement was not intended to provide access to the county road for Tax Lot 800 over the gravel road as it traverses Tax Lot 1400.

Having determined that the owners of Tax Lot 800 had no right to use the gravel road as it traversed Tax Lot 1400, the trial court determined that the easement over the portion of the gravel road on Tax Lot 1400 was extinguished when Tax Lots 700 and 1400 came under common ownership. *See Dressler et al v. Isaacs et al*, 217 Or 586, 591, 343 P2d 714 (1959) ("The union of the dominant and servient estates [in the same owner] would, of course, destroy the easement."). The parties agree that, if Tax Lot 800 has an easement over the gravel road as it traverses Tax Lot 1400, there was no merger. In view of our conclusion that the easement grants Tax Lot 800 the right to use the gravel road for access to the county road, we conclude that the trial court erred in determining that the easement was extinguished.

Reversed and remanded for entry of judgment declaring defendant's right to use gravel road for access to county road.

# APPENDIX

