506 December 10, 2025 No. 1055

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

LLOYD H. WILLIAMSON,
*Defendant-Appellant.*

Lincoln County Circuit Court
23CR01767; A181498

Joseph C. Allison, Judge pro tempore.

Submitted November 21, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Joel C. Duran, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Kyleigh Gray, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Powers, Judge, and Pagán, Judge.

PAGÁN, J.

Affirmed.

**PAGÁN, J.**

Defendant appeals from a judgment entered after a conditional guilty plea to driving under the influence of intoxicants (DUII), ORS 813.010, in which he reserved for appeal the sole assignment of error of whether the trial court erred when it denied him entry into DUII diversion under ORS 813.215. On appeal, defendant argues that the legislature did not intend for DUII convictions older than 15 years to be disqualifying, and that the trial court's ruling effectively disqualified him on the basis of his prior DUII convictions. The state argues that the issue is not preserved, and that in the alternative, that the trial court was free to consider defendant's convictions that fell outside the statutory 15-year period, as well as an arrest for DUII that did not result in a conviction. We assume without concluding that the issue is preserved, and conclude that the trial court could consider his prior convictions and the DUII arrest, and that the trial court did not abuse its discretion in denying defendant's petition for diversion. We thus affirm.

Defendant pleaded guilty to DUII in 2023 based on an incident in 2022. Defendant was also convicted of DUII in 1986 and 1990. Further, he completed a DUII diversion in 1980. He had been arrested on suspicion of DUII in 2018, but the charges were dismissed for lack of evidence. In this case, defendant sought entry into the diversion program under ORS 813.215. The trial court ruled that although defendant was eligible for diversion, diversion would not benefit defendant and denied his petition. Defendant entered a conditional plea, reserving his right to challenge on appeal the court's denial of his petition.

"Once a defendant establishes eligibility, whether contested or not, the decision to allow diversion in a particular case is a matter of discretion left to the trial court." *State v. Wright*, 204 Or App 724, 726, 131 P3d 838 (2006). A trial court may abuse its discretion if a "decision is based on predicate legal conclusions that are erroneous or predicate factual determinations that lack sufficient evidentiary support." *Espinoza v. Evergreen Helicopters, Inc.*, 359 Or 63, 117, 376 P3d 960 (2016).

The DUII diversion eligibility statute, ORS 813.215, provides, in part, that:

"(4)   A defendant is eligible for a second or subsequent diversion if the defendant meets all of the conditions of subsection (1) of this section and the defendant has not been convicted of any other criminal offense involving a motor vehicle within the period beginning 15 years before the date of the commission of the present offense and ending on the date the defendant filed the petition for the second or subsequent driving while under the influence of intoxicants diversion agreement."

The parties do not contest that defendant, having had no convictions or diversions for DUII in the 15 years prior to the present conviction and otherwise having met the exacting diversion criteria, was eligible for diversion. *See* ORS 813.215(1) (listing the 10 criteria necessary for diversion eligibility). The parties disagree on whether it was within the trial court's discretion to still deny defendant's diversion petition under the circumstances.

Defendant argues that the court abused its discretion by denying his petition for DUII diversion because his last diversion was 43 years prior, and his last conviction was 33 years prior. Defendant argues that the consideration of his old convictions was a de facto disqualification and was disallowed. We conclude that the legislature did not intend to exclude all consideration of past convictions, and that under the circumstances, the trial court did not abuse its discretion.

As a threshold matter, the state asserts that the issue is unpreserved. "For an issue to be preserved for purposes of appeal, it must have been raised with sufficient clarity in the trial court to put the trial court on notice that it needs to rule on the issue and for the opposing party to have an opportunity to address the issue." *Ploplys v. Bryson*, 188 Or App 49, 58, 69 P3d 1257 (2003). The state argues that defendant's argument below was that the trial court *should* not consider his convictions, but that on appeal his argument is that the trial court *could* not consider his convictions. While defendant's argument has matured on appeal and with the benefit of additional legislative history,

the core of the argument—that the legislature did not place a once per lifetime limit on diversion and did not intend for convictions past the 15-year mark to be disqualifying—was presented to the trial court. We assume, without concluding, that the issue was preserved, and we turn to the merits.

Defendant points to ORS 813.220, which lays out factors a court shall, may, and may not consider in granting DUII diversion. Of the 12 factors, the first five are most relevant, as they provide the standard and what a court *may* consider (as opposed to what it may not consider or what is disqualifying).

"In making a determination under this section, the court:

"(1)   Shall consider whether the diversion will be of benefit to the defendant and the community.

"(2)   May take into consideration whether there was an early recognition by the defendant during the proceeding that a course of diagnosis and treatment of problem drinking, alcoholism or drug dependency would be beneficial.

"(3)   May take into consideration whether there is a probability that the defendant will cooperate with the diagnostic assessment and treatment agencies.

"(4)   May take into consideration whether the defendant will observe the restrictions contained in the diversion agreement.

"(5)   May take into consideration whether the offense was committed in a motor vehicle and whether there was a passenger in the motor vehicle who was under 18 years of age and at least three years younger than the defendant."

ORS 813.220(1) - (5). Defendant argues that the provisions do not allow the court to consider a defendant's DUII conviction history outside the 15-year range provided in ORS 813.215.

"In the construction of a statute, a court shall pursue the intention of the legislature if possible." ORS 174.020. When interpreting the meaning of a statute, text and context are the first layer of analysis. *State v. Gaines*, 346 Or 160, 164, 206 P3d 1042 (2009); *see Benjamin v. O'Donnell*, 372 Or 764, 769, 557 P3d 1089 (2024) (applying the statutory

analysis framework). Nothing in the text of the 12 provisions of ORS 813.220 explicitly forbids a court from considering a defendant's prior convictions when deciding whether to grant or deny a diversion petition.

Defendant argues that ORS 813.215 is context that establishes which prior convictions may be considered. For example, a defendant is ineligible for DUII diversion if they have ever been convicted of a felony DUII. ORS 813.215 (1)(c). In essence, defendant argues that the legislature already determined which convictions are disqualifying. That argument confuses questions of eligibility with questions of discretion. Although the legislature explicitly stated that certain offenses are disqualifying for eligibility purposes altogether or within 15 years, the legislature did not indicate that it intended that those offenses could not be considered at the discretionary step. When read with the context of ORS 813.215(4), convictions within 15 years are automatically disqualifying—but that does not clarify whether convictions beyond 15 years may not be considered at all.

After examining text and context, we may examine proffered legislative history "for whatever it is worth—and what it is worth is for the court to decide." *Gaines*, 346 Or at 173; *see also* ORS 174.020(1)(b) ("To assist a court in its construction of a statute, a party may offer the legislative history of the statute."); ORS 174.020(3) ("A court may limit its consideration of legislative history to the information that the parties provide to the court. A court shall give the weight to the legislative history that the court considers to be appropriate.").

ORS 813.215(4) was added by Oregon Laws 2009, chapter 515, section 3(1).[1] The same bill, House Bill (HB) 2331 (2009), also established a 15-year ineligibility period for prior convictions—an increase from the previous 10-year ineligibility period. The original bill, as championed by the Oregon District Attorneys Association, had aimed to create a once-per-lifetime limit on DUII diversion. Audio Recording,

---

[1] At the time, the subsection was labelled ORS 813.215(3), but the statute has since been amended to insert new material, and that subsection was renumbered as the current ORS 813.215(4).

House Committee on Judiciary, HB 2331, Feb 5, 2009, at 1:20 (comments of Yamhill County District Attorney Brad Berry), https://olis.oregonlegislature.gov/liz/mediaplayer/?-clientID=4879615486&eventID=2009021003 (accessed Nov 25, 2025). Thus, the final bill as passed represented a rejection of the once-per-lifetime approach and explicitly outlined the conditions for subsequent diversions.

The final bill was also amended to narrow the category of inherently disqualifying convictions for subsequent diversion to motor vehicle offenses, as legislators were worried that unrelated non-motor vehicle convictions would impact eligibility. Audio Recording, Senate Committee on Judiciary, HB 2331, May 15, 2009, at 13:30 (comments of Senator Floyd Prozanski) https://olis.oregonlegislature.gov/liz/mediaplayer/?clientID=4879615486&eventID=2009051107 (accessed Nov 25, 2025); HB 2331 (2009), -A3 amendments (May 20, 2009).

Representative Judy Steigler also noted that one purpose behind implementing the DUII diversion program was to reduce the "terrific backlog of DUII cases." Audio Recording, House Committee on Judiciary, HB 2331, Feb 5, 2009, at 24:15.[2] Discussion also centered on the increased systemic burden of taking a DUII case to trial, and that DUII cases are more likely to go to trial than most other criminal cases. *Id*. at 33:25 (testimony of attorney Rankin Johnson IV).

The House Judiciary Committee also discussed that diversion eligibility based on prior convictions should have a discretionary element. Audio Recording, House Committee on Judiciary, HB 2331, Feb 5, 2009, at 52:30. A testifying party[3] suggested that the discretionary element should be

---

[2] *See also State v. Dendurent*, 64 Or App 575, 579, 669 P2d 361 (1983) (The "rehabilitation of potentially reformable first-time offenders is not the only purpose of pretrial diversion statutes. They are also intended to give the criminal justice system an alternative means of dealing with persons charged with driving while under the influence of intoxicants, if they will benefit from diversion, their prior driving record is satisfactory and the consequences to society of their driving are not too great in terms of damage to persons or property.").

[3] Multiple speakers replied to the questions of the Committee and so it is unclear which speaker precisely gave this comment.

held by the courts, and indeed, that is the practice in DUII diversion. *Id.*; *Wright*, 204 Or App at 726.

From the proffered legislative history,[4] we infer that the legislature was explicitly allowing subsequent diversions while extending the period that certain convictions were automatically disqualifying—which represented a compromise between the status quo of 10 years (with no clear provision for subsequent diversion) and the proposed once-per-lifetime approach. The legislature was also attempting to be humane to defendants who have prior convictions and reduce the burden of DUII cases on the court system. We do not, however, see that the legislature intended or discussed that convictions past the 15-year mark could never be considered. Rather, prior to the 15-year mark, they intended that such convictions are absolutely disqualifying.

From the text, context, and legislative history, we conclude that DUII convictions outside the 15-year window may be considered as part of a court's discretionary assessment of diversion.[5] Certainly, trial courts might give little weight to such dated convictions, but they may still weigh those convictions as part of their discretionary function of determining what is best for the community and defendant.

Here, the trial court's decision might have tested the limits of discretion if the only facts in the record had been that defendant was previously convicted of two DUIIs, one 33 years earlier and one 37 years earlier, and that he had entered diversion 43 years earlier.[6] But the trial court could

---

[4] Defendant provided a more detailed breakdown of the bill's origins, sponsors and opponents, and history in briefing. We have excerpted only the most relevant parts here, but we considered all the proffered material and listened to the cited hearings.

[5] From the legislative history, there is an indication that the legislature intended that any motor vehicle conviction (not just DUII) outside the 15-year window may also be considered. *See* Audio Recording, Senate Committee on Judiciary, HB 2331, May 15, 2009, at 13:30 (comments of Senator Floyd Prozanski). But we do not extend our holding to conclude as such because the issue here was narrowly focused on prior DUII convictions, and the parties did not brief whether non-DUII motor vehicle convictions can be considered. We thus leave the issue for a more appropriate case.

[6] The legislature explicitly considered the cost of extending additional diversion to those who had committed DUII "ten, twenty, thirty, forty years earlier." Audio Recording, House Committee on Judiciary, HB 2331, Feb 5, 2009, at 18:50 (comments of Representative Jefferson Smith).

also properly consider defendant's 2018 arrest for DUII. *Cf. State v. Sullivan*, 342 Or App 210, 219, 577 P3d 331 (2025) (to prove recklessness at trial, prior DUII arrests, even when not resulting in diversion or conviction, may be used "to show that the defendant was aware of the dangers of driving under the influence of intoxicants at the time of the charged offense"). Importantly, the court recognized that it was not a conviction, and that the charges had been dropped for lack of evidence. However, the trial court could rightly consider that the process of being arrested and charged in 2018 should have served to remind defendant of the risks and consequences of DUII, of which he was already familiar given the three prior DUII incidents. *See id.*

The trial court had discretion. It could have allowed defendant to enter diversion or not. The trial court weighed the evidence and decided that diversion was not in the best interest of defendant and the community given his history with DUII. Its decision was not based on an erroneous predicate legal conclusion or factual determination that did not have evidentiary support. *See Espinoza*, 359 Or at 117. The trial court did not abuse its discretion.

Affirmed.