Argued and submitted December 12, 2019, affirmed December 23, 2020

James E. GIBSON,
*Plaintiff-Respondent,*

*v.*

Patrick Warren WALSH,
*Defendant-Appellant.*

Josephine County Circuit Court
18LT11082; A168958

480 P3d 990

In this forcible entry and detainer action, tenant appeals a judgment that awarded possession of the rented premises to landlord. He contends that (1) the nonpayment of rent notice did not comply with ORS 90.394(3) because, in tenant's view, it did not state the correct amount of monthly rent and (2) the trial court failed to rule on tenant's counterclaim that landlord impermissibly interrupted tenant's electrical service. *Held*: Tenant's assignments of error were unpreserved. At trial, tenant contended that he was entitled to a deduction in rent for interruption of electrical service, not that the rent amount on his notice was incorrect. Tenant's claim about electrical service was unpreserved because he had never asserted that contention as a counterclaim; rather, he had raised it as a defense at trial and did not, on appeal, assign error to the trial court's ruling that that was not a valid defense.

Affirmed.

Amanda C. Thorpe, Judge pro tempore.

Harry D. Ainsworth argued the cause and filed the brief for appellant.

No appearance for respondent.

Before Lagesen, Presiding Judge, and Powers, Judge, and Landau, Senior Judge.

LAGESEN, P. J.

Affirmed.

**LAGESEN, P. J.**

In this forcible entry and detainer (FED) action, tenant appeals a judgment that awarded possession of the rented premises to landlord. In four assignments of error, he contends that the trial court erred in awarding the premises to landlord for two different reasons: (1) the 72-hour non-payment of rent notice did not comply with ORS 90.394(3) because, in tenant's view, it did not state the correct amount of monthly rent; and (2) landlord impermissibly interrupted tenant's electrical service, in violation of ORS 90.375. Tenant requests reversal of the court's judgment and remand of "the case for determination of Tenant's claim for violation of ORS 90.375 due to interruption of electric service." Landlord has not appeared on appeal. For the reasons that follow, we affirm.

Generally, we review rulings in residential FED actions for errors of law. *Community Development v. Stanley*, 248 Or App 495, 497, 274 P3d 211, *rev den*, 353 Or 127 (2012). To the extent that we must review the trial court's determination of a factual question, we review for any evidence to support the court's findings. *Id.* As long as "there is evidence in the record to support the trial court's findings, we state the facts as the court found them." *Id.* When evaluating whether there is evidence in the record to support a finding of fact, we view the evidence in the light most favorable to the prevailing party and give the prevailing party "the benefit of every reasonable inference which may be drawn from the evidence." *Hendrix v. McKee*, 281 Or 123, 126, 575 P2d 134 (1978). We state the facts in accordance with this standard.

This case arose out of a dispute between a landlord and tenant that ended in eviction. In April 2015, tenant rented a space from landlord and landlord's father for his recreational vehicle (RV).[1] The parties' agreement was that tenant could rent the space "as long as he was not hooked up to any of the utilities and only stayed no longer than three months." Landlord described this arrangement as "dry camping." The initial agreement was that tenant would pay $200 per month in rent.

---

[1] There is no written rental agreement in the trial court record.

Although the agreement had been for a maximum of three months, tenant ended up staying more than three years; landlord explained that, due to his father's illness and then death, he was unable to "deal with the stress of anything else," including dealing with his tenants. On January 1, 2018, landlord raised the rent from $200 to $225.

On March 26, 2018, landlord received a power bill that was significantly higher than usual for that time of year, and he suspected that tenant was using power. Landlord decided to end the tenancy and, on July 1, 2018, gave tenant a 60-day notice to vacate. Landlord and tenant had an argument when landlord delivered the notice, and landlord put a padlock on the power box near tenant's trailer to prevent him from using it. Tenant told landlord he was not "hooked to the electric anyway." Later that day and the next, tenant created disturbances with another tenant.

Landlord texted tenant on July 5, 2018, indicating that he might be willing to move tenant to another one of his properties. Tenant responded on July 6, 2018, expressing appreciation and indicating that he would be willing to talk the next day. Tenant next contacted landlord on July 23, 2018, "texting [landlord] threats" and offering to pay landlord $20 per month for access to power. At that point, landlord felt certain that tenant had already been using power in contravention of the original agreement and decided not to place tenant on any of his other properties.

After that confrontation, tenant texted several conflicting messages over the course of several days about payment of his August rent, listing different locations that landlord could find his check. Then, on August 6, 2018, landlord received a letter from tenant with a check in the amount of $117.76 and another letter indicating that tenant would pay the remaining balance of the rent "when he was given access to the power." Tenant's letter stated that he was withholding the remaining rent, which tenant calculated to be $107.24 (apparently $225.00 minus $117.76), because it cost him that amount to rent a hotel room to access electricity.

On August 8, 2018, landlord personally returned tenant's check and gave him a 72-hour nonpayment of rent

notice of eviction. The nonpayment of rent notice stated the amount of rent owed as $225.

When tenant did not vacate the premises, land-lord initiated this FED action based on nonpayment of rent. Landlord attached the 72-hour nonpayment of rent notice to the complaint. In his answer, tenant asserted two defenses. First, he alleged that the eviction notice was legally incorrect because tenant had paid his August rent. Second, tenant alleged that he was not properly served with the 72-hour nonpayment of rent notice. Tenant did not allege that the notice incorrectly stated the amount of rent due or raise any other defenses. Tenant also did not assert any coun-terclaims, although ORS 90.370(1), by its terms, authorizes tenant counterclaims "[i]n an action for possession based upon nonpayment of the rent." *See generally Timmermann v. Herman*, 291 Or App 547, 422 P3d 347 (2018) (consider-ing tenant counterclaims under ORS 90.370 in FED action based on nonpayment of rent).

At trial, both parties represented themselves, and their questions to each other covered an immense amount of territory, emotional, factual, and legal. At the close of the trial, the trial court found in favor of landlord. In so doing, it rejected tenant's contention that landlord's act of placing a padlock on the power supply box provided a defense within the context of an FED action. In reaching that conclusion, the court also reasoned that rental of an "RV space" did not mean that power was required to be provided. The court further noted that tenant might have some other claim against landlord for the conduct of shutting off the power, something the court expressly did not opine on. Based on those conclusions, the court declined to offset any amounts from the $225 in rent it determined was owed.

As noted, on appeal, tenant argues that the trial court erred in two primary respects. First, tenant contends that the court erred both in determining that the rent due was $225 and that the 72-hour notice properly stated that that was the amount of rent due. Tenant's theory on appeal is that he was never given proper notice of the January 1, 2018, rent increase. This means, according to tenant, that the rent was never properly raised to $225 per month, which

means both that the 72-hour notice was invalid for misstating the amount of rent due, and also that the court erred in finding that tenant owed that much rent for August.

Having reviewed the record, we conclude that those contentions are not preserved. "For an issue to be preserved for purposes of appeal, it must have been raised with sufficient clarity in the trial court to put the trial court on notice that it needs to rule on the issue and for the opposing party to have an opportunity to address the issue." *Ploplys v. Bryson*, 188 Or App 49, 58, 69 P3d 1257 (2003). Here, although certain statements made in passing in the trial court may have touched on the issue, the issue was not pressed with sufficient clarity to allow landlord to respond fully. In particular, tenant never disputed that his monthly rent was $225;[2] his contention was that he was entitled to a deduction from that amount because of landlord's act of putting a lock on the power supply. Thus, tenant's contentions regarding the amount of monthly rent do not provide a basis for reversing the trial court's judgment.

Next, tenant argues that the trial court erred in determining that landlord had no obligation to supply electricity and that we should remand to allow the court to determine what damages tenant might be entitled under ORS 90.375. Assuming for the sake of argument that tenant is correct that the trial court erred, that error does not provide grounds for reversal in the context of this case. Although tenant contends that we should remand to permit the court to consider what tenant characterizes as an "unpled" claim or counterclaim under ORS 90.375 for landlord's act of cutting off the power, the problem for tenant is that tenant never filed a counterclaim or asked the court to rule on a *counterclaim*. Rather, defendant raised his contentions about the power as a *defense* to landlord's claim of possession for nonpayment of rent, and the trial court ruled that it was not a defense, while expressly recognizing that tenant might have some other claim. As defendant has not assigned error to the trial court's ruling that defendant's contentions about

---

[2] We note that, when tenant withheld amounts from his August rent, the amount withheld, when added to the amount tendered to landlord, added up to $225.

the power supply did not constitute a valid defense in this FED action where, as here, no counterclaim was filed,[3] those contentions supply no basis for reversing the trial court's judgment.[4]

Affirmed.

---

[3] Tenant cites *Timmermann*, 291 Or App at 547, for the proposition that "ORS 90.370 makes a counterclaim for a violation of ORS 90.375 a defense in an action on a nonpayment of rent notice." But the problem here is that tenant never pleaded any counterclaims. This is significant because landlord was not afforded a fair opportunity to answer and defend against affirmative counterclaims by tenant.

[4] Tenant argues that the trial court agreed to consider his unpleaded counterclaims. The record reflects, however, that the court agreed to consider tenant's statutory arguments as defenses and did not understand tenant to be asking it to consider those arguments as counterclaims.