Submitted February 3, reversed and remanded September 13, 2023

JAMES D. HANSON AND KAREN W. HANSON JOINT
REVOCABLE LIVING TRUST, JUNE 9, 2014,
*Plaintiff-Respondent,*

*v.*

Victoria SLIGER,
aka Victoria Sliger-Caron,
and all other occupants,
*Defendant-Appellant.*

Josephine County Circuit Court
22LT00720; A178327

536 P3d 1051

Defendant appeals from a judgment of residential eviction. The trial court granted plaintiffs' request for residential eviction without cause and for the purpose of allowing plaintiffs' son to move onto the property pursuant to ORS 90.427(5)(c). On appeal, defendant argues that the trial court erred because, under ORS 90.449, plaintiff was prohibited from evicting defendant who was a victim of domestic violence. *Held*: Given the protections afforded to defendant by ORS 90.449, the trial court erred in its conclusion that plaintiffs' complaint for residential eviction was valid under ORS 90.427(5)(c).

Reversed and remanded.

Brandon S. Thueson, Judge.

Victoria Sliger filed the brief *pro se*.

Keanon H. Ferguson and Sorenson, Ransom & Ferguson, LLP, filed the brief for respondent.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

EGAN, J.

Reversed and remanded.

**EGAN, J.**

This residential forcible entry and detainer (FED) case involves plaintiff's[1] complaint for eviction of defendant without cause for the purposes of allowing plaintiff's son, Nicholas Bounds, to move back into plaintiff's rental property pursuant to ORS 90.427(5)(c). Defendant appeals the judgment of eviction and asserts that under ORS 90.449(1)(a), plaintiff was prohibited from bringing an action for possession against defendant, who was "a victim of domestic violence." In its letter opinion, the trial court acknowledged that defendant had obtained a valid Family Abuse Protection Act (FAPA) order against Bounds. Further, the trial court acknowledged the relationship between the FAPA order and the eviction notice. Nevertheless, the trial court granted plaintiff's FED claim. As explained below, the judgment of the trial court is reversed, and the matter is remanded for an order consistent with this court's ruling.

We review rulings in residential forcible entry and detainer (FED) actions for errors of law. *Gibson v. Walsh*, 308 Or App 119, 120, 480 P3d 990 (2020). The facts of this case are largely procedural and uncontested. Plaintiff owns a house in Grants Pass, Oregon. Bounds and defendant moved into that house in 2016. On June 14, 2021, defendant secured a FAPA order against Bounds for domestic violence. Bounds moved out of the house in Grants Pass, and then Bounds moved in with plaintiff—his mother. Immediately after the FAPA order was issued, the parties unsuccessfully negotiated a voluntary eviction, and plaintiff issued a 90-day notice of eviction without cause to defendant under ORS 90.427(5)(c) on September 29, 2021.[2] That 90-day period concluded on January 4, 2022.

At the end of the 90-day period, defendant refused to move. Plaintiff filed the FED complaint, citing her 90-day notice without cause, seeking to take possession of the

---

[1] While the plaintiff in this case is the "James D. Hanson and Karen W. Hanson Joint Revocable Living Trust," we refer to Karen Hanson, who testified at the eviction hearing, as plaintiff throughout this opinion.

[2] Plaintiff argued that defendant had not paid rent throughout that period. Defendant responded that plaintiff had refused her attempted payment. Neither of those points is relevant to the validity of the notice to terminate the residential tenancy without cause under ORS 90.427(5)(c).

premises and allow Bounds to return to the residence. The trial court set the matter for a hearing, at which plaintiff appeared with counsel, and defendant appeared *pro se*.

At the hearing, defendant argued that plaintiff's FED complaint was in retaliation for defendant's FAPA order, arguing that "[i]t's against the law to retaliate because of a domestic violence order." The trial court took judicial notice of the FAPA order and said that "[a]s far as the court is concerned, [Bounds] abused [defendant]." The record supports the trial court's explicit determination that the FAPA order was at the heart of the eviction, as evinced by plaintiff's direct examination:

> "Q. Okay. And when did Mr. Bounds move from the property * * *?
>
> "A. He was forced out in June of 2021.
>
> "Q. And why was Mr. Bounds forced out?
>
> "A. Because [defendant] filed a false police report and had him cited for domestic abuse, and then four deputy cars showed up in my driveway because he had—he had moved back to my house for his own fear of his own wellbeing. And then she filed a Restraining Order and so the Court's removed him from my property."

At the conclusion of the hearing, the trial court found that plaintiff's claim to evict defendant was retaliatory, stating that "it's clear from the evidence that this move was retaliatory as we normally use the word retaliation"; but the trial court took under advisement the issue whether the eviction was retaliatory as a matter of law under the ORLTA. In its letter opinion, the court acknowledged the FAPA order but rejected defendant's argument that the eviction was retaliatory, citing ORS 90.385:

> "Defendant testified that the eviction complaint is only filed because she had obtained a protective order against plaintiff's son. She argues this is retaliation, contrary to the law. ORS 90.385 restricts a landlord from retaliating against a tenant by raising rent or bringing an eviction complaint after a tenant has raised a complaint related to the tenancy. In this case, defendant offers no evidence that she made any complaints about the tenancy, only that she obtained a valid restraining order against plaintiff's son

that has since been dropped. While it is true that the eviction complaint may be related to this restraining order, it is also true that this scenario seems to fall outside of the retaliation statutes. Defendant fails in this regard."

Defendant, again appearing before the court *pro se*, sought reconsideration, focusing the court's attention on statutes that protect domestic violence survivors from discrimination by their landlords—citing both ORS 90.449 and ORS 90.390. Defendant also argued that she was protected under ORS 90.385 from retaliation by her landlord as a result of the FAPA order. The trial court denied reconsideration and entered the judgment of eviction.

The issue on appeal turns on the construction of ORS 90.427(5)(c),[3] a provision of the ORLTA, viewed in light of ORS 90.449(1)(a) and (c).[4] In questions of statutory construction, we ascertain the intent of the legislature by examining the text and context of the disputed statutory provision, as well as any helpful legislative history. *State v. Gaines*, 346 Or 160, 171-73, 206 P3d 1042 (2009). We presume that words of common usage were meant to have their

---

[3] ORS 90.427(5)(c) provides:

"(5) The landlord may terminate a month-to-month tenancy under subsection (3)(c)(B) of this section at any time, or may terminate a fixed term tenancy upon the expiration of the fixed term under subsection (4)(c) of this section, by giving the tenant notice in writing not less than 90 days prior to the date designated in the notice for the termination of the month-to-month tenancy or the specified ending date for the fixed term, whichever is later, if:

"* * * * *

"(c) The landlord intends for the landlord or a member of the landlord's immediate family to occupy the dwelling unit as a primary residence and the landlord does not own a comparable unit in the same building that is available for occupancy at the same time that the tenant receives notice to terminate the tenancy[.]"

[4] ORS 90.449(1)(a) and (c) provide:

"(1) A landlord may not terminate or fail to renew a tenancy, serve notice to terminate a tenancy, bring or threaten to bring an action for possession, increase rent, decrease services or refuse to enter into a rental agreement:

"(a) Because a tenant * * * is, or has been, a victim of domestic violence, sexual assault or stalking.

"* * * * *

"(c) Because of criminal activity relating to domestic violence, sexual assault or stalking in which the tenant * * * is the victim, or of any police or emergency response related to domestic violence, sexual assault of stalking in which the tenant or applicant is the victim."

plain and ordinary meaning unless there is a reason to believe otherwise. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 611, 859 P2d 1143 (1993).

Subject to exceptions not applicable here, the ORLTA "applies to, regulates and determines rights, obligations and remedies under a rental agreement, wherever made, for a dwelling unit located within this state." ORS 90.115. The ORLTA permits a landlord to terminate a rental agreement with a 90-day notice if the "landlord intends for * * * a member of the landlord's immediate family to occupy the dwelling unit as a primary residence * * *." ORS 90.427(5)(c). However, we conclude that the statutory process for termination of a tenancy is subject to ORS 90.449, which protects tenants from eviction because they are victims of domestic violence. *See* ORS 174.020(2) ("When a general provision and a particular provision are inconsistent, the latter is paramount to the former so that a particular intent controls a general intent that is inconsistent with the particular intent.").

In response to defendant's argument that "[i]t's against the law to retaliate because of a domestic violence order[,]" the trial court held that "this scenario seems to fall outside of the retaliation statutes," reasoning that, in order to trigger the protection of ORS 90.385(1)(f), defendant was required to have made a complaint to plaintiff about her rights as a tenant.[5] Plaintiff adheres to that view on appeal, arguing that "ORS 90.385 applies to retaliatory conduct by the landlord related to the tenancy or complaints made by the tenant about the tenancy itself. This statute is inapplicable in this case." Plaintiff's argument and the trial court's ruling ignore defendant's argument that plaintiff's eviction claim was discriminatory in violation of ORS 90.449, because plaintiff retaliated against defendant based on her status as a victim of domestic violence.

As an initial matter, we determine that defendant adequately preserved for appeal her defense that plaintiff's claim for eviction was unlawful under ORS 90.449. As noted,

---

[5] Defendant also argues that this eviction was retaliatory based on ORS 90.385(1)(f). Because we decide this case on other grounds, we are not required to decide whether ORS 90.385(1)(f) protected defendant from retaliation in this case.

at the hearing, defendant argued that "[i]t's against the law to retaliate because of a domestic violence order." The trial court interpreted that argument as bearing only on ORS 90.385, which defendant had not cited during the hearing, but which the trial court itself cited in its letter opinion. Defendant only mentioned ORS 90.385 in her request for reconsideration, in which she also cited ORS 90.449 and ORS 90.390. So long as a party raised the relevant issue, it is not necessary for the party to also identify the source for that position in order to preserve the argument for appeal. *State v. Doern*, 156 Or App 566, 572, 967 P2d 1230 (1998), *rev den*, 328 Or 666 (1999). And while "*pro se* litigants are bound by the same preservation rules that bind all other parties," *State v. Morrow*, 192 Or App 441, 444, 86 P3d 70, *rev den*, 337 Or 282 (2004), the "rules regarding preservation of error *** might be interpreted liberally if a person had proceeded *pro se* at *trial ***.*" *State v. Balfour*, 311 Or 434, 453, 814 P2d 1069 (1991) (emphasis in the original).

In addition, the principles of preservation are served because ORS 90.449, the statute defendant cites on appeal, prohibits the same conduct as ORS 90.385, the retaliation statute cited by the lower court. *Compare* ORS 90.385(1) ("Except as provided in this section, a landlord may not retaliate by increasing rent or decreasing services, by serving a notice to terminate the tenancy or by bringing or threatening to bring an action for possession ***[.]") *with* ORS 90.449(1) ("A landlord may not terminate or fail to renew a tenancy, serve a notice to terminate a tenancy, bring or threaten to bring an action for possession, increase rent, decrease services or refuse to enter into a rental agreement ***[.]"). Thus, defendant's arguments at the FED hearing sufficed to preserve her arguments on appeal relating to ORS 90.449.

Turning to the merits, ORS 90.449 provides:

"(1)  A landlord may not terminate or fail to renew a tenancy, serve notice to terminate a tenancy, bring or threaten to bring an action for possession, increase rent, decrease services or refuse to enter into a rental agreement:

"(a)  Because a tenant *** is, or has been, a victim of domestic violence, sexual assault or stalking."

ORS 90.449 protects a tenant from termination of the tenancy based on the tenant having been a victim of domestic violence. Under the ORLTA, "domestic violence" means "abuse" as defined by FAPA, *see* ORS 90.100(10) (defining "domestic violence" under the ORLTA as "abuse" as defined by ORS 107.705, *i.e.*, FAPA), and a person can obtain a FAPA order only upon a showing that the person was the victim of abuse by the respondent within 180 days of filing the petition. ORS 107.718.

In this case, plaintiff acknowledged that the eviction was due to the FAPA order, and, based on that evidence, the trial court concluded that the eviction was "retaliatory as we normally use the word retaliation." Filing for eviction because a tenant obtained a FAPA order—an order that can only be obtained on a showing of domestic violence—necessarily implicates ORS 90.449(1)(a), which explicitly prevents a landlord from bringing an action for possession because a tenant "is, or has been, a victim of domestic violence[.]" Given the protections afforded to defendant by ORS 90.449, the trial court erred in its conclusion that plaintiff's complaint for residential eviction was valid under ORS 90.427(5)(c). For those reasons, we reverse the judgment of eviction.

Reversed and remanded.