No. 633          September 5, 2024          747

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

VP REAL ESTATE INVESTMENT SERVICES,
*Plaintiff-Respondent,*

*v.*

Alyssa NAFTANIEL
and all others,
*Defendant-Appellant.*

Linn County Circuit Court
23LT07968; A181592

Rachel Kittson-MaQatish, Judge.

Argued and submitted July 2, 2024.

Harry Ainsworth argued the cause and filed the brief for appellant.

No appearance for respondent.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

POWERS, J.

Reversed and remanded.

**POWERS, J.**

In this residential forcible entry and detainer (FED) proceeding, tenant appeals from a default judgment that awarded possession of the rented premises to landlord based on nonpayment of rent. Advancing two assignments of error, tenant challenges the trial court's denial of her ORCP 71 B motion to set aside the default judgment and principally argues that the court should have granted her motion because she paid the full amount due that was demanded in the termination notice. Landlord has not appeared on appeal. As explained below, we agree that the trial court was required to set aside the default judgment because tenant was entitled to dismissal of the FED complaint under ORS 90.395(3)(c). Accordingly, we reverse and remand.

Generally, we review rulings in residential FED actions for errors of law. *Gibson v. Walsh*, 308 Or App 119, 120, 480 P3d 990 (2020). We review a trial court's decision to grant or deny relief under ORCP 71 B for abuse of discretion. *Johnson v. Sunriver Resort Limited Partnership*, 252 Or App 299, 306, 287 P3d 1153 (2012), *rev den*, 353 Or 280 (2013); *see generally Espinoza v. Evergreen Helicopters, Inc.*, 359 Or 63, 117, 376 P3d 960 (2016) (explaining that a discretionary decision is legally impermissible if it is "based on predicate legal conclusions that are erroneous or predicate factual determinations that lack sufficient evidentiary support").

The facts are undisputed and mainly procedural. In April 2023, landlord served tenant with a 10-day notice to pay or vacate for nonpayment of rent. The notice provided, in part, "To satisfy this notice, you must pay at least your past due rent amount of: $2,402.35." The notice also included a section titled, "For Informational Purposes Only," which documented tenant owing $150 in late fees for a total amount owed of $2,552.35. That section also explained, "To avoid Termination of your Tenancy for Nonpayment of Rent, you need only pay the Past Due Rent Amount listed above." Tenant made no payments before landlord filed a residential eviction complaint for nonpayment of rent on May 17, 2023.

Tenant failed to appear at the initial FED hearing on June 1, and the landlord's representative informed the

trial court that tenant had contacted him that day to discuss making payments. Given that development, the court set over the FED hearing for the next day. Tenant failed to appear at the setover hearing on June 2. As that hearing was beginning, court staff informed the judge that tenant had called the court to say that she would be late because she was stuck in traffic due to the local strawberry festival. The court waited a short time before proceeding without her. Landlord told the court at that hearing that tenant "did technically cure the notice by paying rent, but she has showed no good faith in paying late fees or paying May's rent or this month's rent." The court asked if landlord was "asking for a default" against tenant, and landlord responded, "Technically, the—it is cured, I understand that. *** But yes, that's what I'm requesting." The court entered a default judgment in favor of landlord and issued a notice of restitution with a deadline to move out by June 9, 2023.

On June 6, 2023, tenant filed a motion to set aside the default judgment under ORCP 71, explaining that she had "paid the full amount required to satisfy the pay or vacate notice." Landlord did not respond to the motion. The trial court denied the motion to set aside without explanation on June 9.

Tenant now appeals, arguing that payment of the amount demanded in the termination notice is an absolute defense and that the court was required to enter a dismissal of the default judgment. We agree with tenant's principal argument.

Where a termination notice is based on nonpayment, a court "shall enter a judgment dismissing a complaint for possession" if it determines that the tenant "has tendered *** any other payment covering the nonpayment amount owed under the termination notice for nonpayment." ORS 90.395(3)(c).[1] Here, it was undisputed that tenant paid the amount owed under the termination notice: Landlord told the court before it entered the default judgment that tenant "did technically cure the notice by paying rent," and tenant's motion to set aside the default judgment explained that she

---

[1] ORS 90.395 was enacted by the legislature as part of House Bill 2001 (2023) and became effective March 29, 2023. Or Laws 2023, ch 13, §§ 55, 106.

"paid the full amount required to satisfy the pay or vacate notice." Thus, tenant had a meritorious defense to the FED action under ORS 90.395, which should have prevented the default judgment in the first place and, in any event, made the denial of the motion to set aside outside the range of permissible discretion. *See* ORCP 71 B(1)(e) (providing that a trial court may relieve a party from a judgment when "it is no longer equitable that the judgment should have prospective application").

Although it is true that "nonpayment of a payment that is due to a landlord" can include late charges, the amount requested by landlord to satisfy the pay or vacate notice in this case did not include any late charges. *See* ORS 90.395(1)(a) (defining "nonpayment" to include "late charges"); *see also Hickey v. Scott*, 370 Or 97, 114, 515 P3d 368 (2022) (explaining that, where a landlord demands an amount to cure that is less than the amount owed and the tenant timely renders the requested amount, the landlord cannot proceed in an FED action based on that notice). Indeed, the notice provided to tenant explicitly informed her that she had to pay the past due rent—not the late fees— to avoid eviction. Accordingly, because tenant paid the full amount demanded in the termination notice, the court erred in rejecting her motion to set aside the default judgment.[2]

Reversed and remanded.

---

[2] In light of our disposition on tenant's first assignment of error, we need not address the second assignment of error that challenges the trial court's lack of findings or explanation when it denied the motion to set aside.